UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CARL LEE LEDFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:17-CV-438-TLS |
| ) | |
| DUSTIN RUTLEDGE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

On October 18, 2017, Plaintiff Carl Lee Ledford, proceeding pro se, filed his Complaint [ECF No. 1] against Defendants Dustin Rutledge, Rogelio Escutia, Andrew D. Hahn, Bradley Balasa, A. Shefferly, R. Nystuen, Shane LaMartz, E.M., and the Sheriff of the City of Knox[1]. Defendant Balasa filed a Motion to Dismiss for Failure to State a Claim [ECF No. 34] on January 27, 2018. Defendants Escutia, LaMartz, and Rutledge jointly filed a Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction [ECF No. 36] on January 31, 2018. Defendant Hahn filed a Motion to Dismiss for Failure to State a Claim [ECF No. 38] on February 1, 2018. Defendant E.M. filed a Motion to Dismiss for Failure to State a Claim [ECF No. 41] on February 2, 2018. The Plaintiff filed a Motion for Entry of Default and Motion for Summary Judgment [ECF No. 43] on February 6, 2018, in which he also appears to respond to some of the Defendants' arguments. Defendants Shefferly, Nystuen, E.M., Balasa, and Hahn filed Responses to the Plaintiff's Motion [ECF Nos. 45, 46, 47] on February 20, 2018. Defendants Escutia, LaMartz, and Rutledge filed a Motion for Extension of Time [ECF No. 49]

---

[1] The Court notes that the Plaintiff's captions this Defendant as "Sheriff of Knox Co. Sheriff Department, City of Knox, IN." On his proposed summons form, the Plaintiff's listed the address for the Sheriff of the City of Knox, which is in Starke County, not Knox County.

to respond to the Plaintiff's Motion on March 6, 2018. The Plaintiff filed an "Answer" [ECF No. 50] on March 14, 2018, [2] in response to the Defendants' Motions to Dismiss and the Defendants' Responses to his Motion for Entry of Default and Motion for Summary Judgment. Defendants Hahn, Escutia, LaMartz, Rutledge, Balasa, and Shefferly filed Replies [ECF Nos.56–59] on March 21, 2018.

### THE PLAINTIFF'S ALLEGATIONS

In his Complaint, the Plaintiff alleges violations of the "Civil Rights Act Section 1983[,] 4th, 5th, 9th Amendment Rights, Right to Due Process, Right to Civic Liberty, Right to Freedom From Racial Profiling & Harassment, [and the] Right to travel." (Compl. 4.) The Plaintiff claims that his rights have been "constantly and consistently" violated through a pattern of discrimination, harassment, false arrest, and excessive force exerted by numerous traffic and highway law enforcement officers from multiple police agencies located across three Indiana counties. (*See* Compl. Ex. 1, ECF No. 1-1.) He alleges that he has been "unjustly detained on numerous occasions" as a result of racial profiling. (*Id.* at 5.) According to the Plaintiff, these

---

[2] The Court notes that although the Plaintiff's "Answer" was filed on March 14, 2018, the document is dated February 28, 2018. Pursuant to Local Rule 7-1, the Plaintiff's latest opportunity to respond to any of the Motions to Dismiss was February 15, 2018. N.D. Ind. L.R. 7-1(d)(2)(A). Pursuant to Local Rule 56-1, the Plaintiff's reply to the Defendants' responses to his Motion for Summary Judgment was due March 6, 2018. N.D. Ind. L.R. 56-1-(c). "It is within the Court's discretion "whether to apply a local rule strictly or to overlook any transgression." *Peele v. Burch*, 722 F.3d 956, 961 (7th Cir. 2013); *see also Stanciel v. Gramley*, 267 F.3d 575, 579 (7th Cir. 2001); *Little v. Cox's Supermarkets*, 71 F.3d 637, 640 (7th Cir. 1995). Pro se complaints are to be liberally construed and are held to a less stringent standard than pleadings drafted by lawyers, *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013), and a court may also consider facts alleged in a pro se plaintiff's brief in opposition to a motion to dismiss when considering the sufficiency of the complaint (if the facts are "consistent with the allegations in the complaint"), *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015). Therefore, because the Court must construe pro se filings liberally, the Court will consider all of the Plaintiff's submissions for the purposes of this Order and Opinion.

detentions have ultimately resulted in over $15,000.00 in fines, costs, and fees, and he suffers severe emotional stress from the harassment. (*Id.*)

As a basis for his allegations, the Plaintiff details four traffic stops. One was conducted by Defendant LaMartz, which resulted in a citation that was ultimately dismissed. A second was conducted by Defendant Rutledge, which resulted in a finding of guilty after a bench trial in state court. The third was conducted by Defendants Shefferly and Nystuen, which resulted in the Plaintiff's arrest, although the case was ultimately dismissed. The Fourth was conducted by E.M. and resulted in a warning.

## ANALYSIS

**A.     The Plaintiff's Motion for Default Judgment**

The Plaintiff argues that the Court should enter default against Defendants Shefferly, Nystuen, E.M., Hahn, and the Sheriff. Primarily, the Plaintiff argues that the Magistrate Judge erred by granting Defendants Shefferly, Nystuen, E.M., and Hahn an extension of time to file responses to his Complaint. He further argues that default is proper against Defendants Shefferly, Nystuen, E.M., Hahn, and the Sheriff because none of them responded to the Plaintiff's Complaint by the deadlines imposed by the Magistrate Judge. The Court notes that throughout his argument, the Plaintiff cites to the Indiana Trial Rules rather than the Federal Rules of Civil Procedure, which govern this federal proceeding.

*1.     Failure to Respond*

Under Federal Rule of Civil Procedure 55, the Court must enter default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a).

3

The Plaintiff contends that entry of default is warranted because Defendants Shefferly, Nystuen, E.M., Hahn, and the Sheriff failed to timely respond to his Complaint. Pursuant to Federal Rule of Civil Procedure 12, a defendant may file one of several motions in lieu of filing an answer to a plaintiff's complaint, which has the effect of extending the defendant's time to answer the complaint until after a court has ruled on the pending motions. Fed. R. Civ. P. 12(a)(4). Defendant Hahn was required to respond by February 1, 2018, and on February 1, 2018, he filed a Motion to Dismiss [ECF No. 38], pursuant to Rule 12. Defendants Shefferly, Nystuen, and E.M. were required to respond by February 2, 2018. Defendant E.M. filed a Motion to Dismiss [ECF No. 41], pursuant to Rule 12 on February 2, 2018, and Defendants Shefferly and Nystuen filed an Answer [ECF No. 40] on February 2, 2018. Therefore, these Defendants timely responded to the Plaintiff's Complaint, and an entry of default against them on this ground would be improper.

The Plaintiff is correct that the Sheriff has not yet filed a responsive pleading. Summons as to the Sheriff was returned executed on December 22, 2017. (*See* ECF No. 10.) The Sheriff's response to the Plaintiff's Complaint was due January 2, 2018. (*See id.*) That deadline has passed, and the Sheriff has neither responded nor requested an extension of time to respond. However, the Court will not enter default judgment against the Sheriff because, as explained more fully below, the Court finds that the Plaintiff has failed to state a claim against the Sheriff. However, the Court will grant the Plaintiff the opportunity to demonstrate why he believes his Complaint has stated a claim against the Sheriff or, alternatively, to amend his Complaint to state a claim against the Sheriff. Therefore, the Court will not enter default judgment against the Sheriff at this time.

*2.     Grants of Extensions of Time*

The Plaintiff also argues that the Magistrate Judge abused his discretion by granting the Defendants additional time to respond to the Plaintiff's Complaint. On December 29, 2017, Defendant Balasa timely filed a Motion for Extension of Time [ECF No. 13] to respond to the Plaintiff's Complaint, and on January 2, 2018, Defendants Escutia, LaMartz, and Rutledge timely filed a Motion for Extension of Time [ECF No. 17] to respond to the Plaintiff's Complaint. On January 3, 2018, the Magistrate Judge granted the Defendants' Motions and extended Defendant Balasa's deadline to January 30, 2018, and Defendants Escutia, LaMartz, and Rutledge's deadlines to January 31, 2018.

On January 4, 2018, Defendant Hahn filed a Motion for Extension of Time [ECF No. 21] to respond to the Plaintiff's Complaint. Originally, Defendant Hahn's response was due on January 2, 2018. (*See* ECF No. 9.) Thus, his Motion was filed after his deadline to respond. The Magistrate Judge granted his Motion on January 5, 2018 [ECF No. 22], granting him until February 1, 2018, to respond, finding good cause and excusable neglect pursuant to Federal Rule of Civil Procedure 6(b)(1)(B).

On January 5, 2018, Defendants E.M., Nystuen, and Shefferly filed a Motion for Extension of Time [ECF No. 27] to respond to the Plaintiff's Complaint. Originally, their responses were due on January 2, 2018. (*See* ECF Nos. 5, 6, 8.) Thus, this Motion was filed after the Defendants' deadline to respond. The Magistrate Judge granted their Motion on January 8, 2018 [ECF No. 30], granting them until February 2, 2018, to respond, finding good cause and excusable neglect, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B).

The Plaintiff argues that the Magistrate Judge's decision to grant the Defendants extensions of time based on a finding of excusable neglect was an abuse of discretion. A decision whether to allow a late filing is "at bottom an equitable one, taking account of all relevant

5

circumstances . . . includ[ing] . . . the danger of prejudice . . . the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co.*, 507 U.S. 390, 395 (1993). Both Motions at issue cited the fact that the Defendants' attorneys had only recently received the Complaint and required more time to respond. In this case, there is no danger of prejudice to the Plaintiff, and the length of the delay is minimal, especially considering that the deadlines imposed fell within two days of the extensions granted to the Defendants that timely filed their Motions. Further, there is no indication that the movants acted in bad faith. Although Defendants Hahn, E.M., Nystuen, and Shefferly "do[] not give much of an explanation of how [they] meet[] the excusable neglect standard," the Court finds that the Magistrate Judge did not abuse his discretion in granting an extension of time. *See Brock Indus. Servs., LLC v. Laborers Int'l Union of N.A.*, No. 16-CV-780, 2017 WL 2080989, at *1 (S.D. Ill. May 15, 2017) (granting extension); *Comsys, Inc. v. City of Kenosha Wis.*, No. 16-CV-655, 2017 WL 4083933, at *2 (E.D. Wis. Feb. 13, 2017) (granting extension because "a single inadvertent failure to comply with a deadline is the very sort of conduct that courts regularly excuse"). Because the Magistrate Judge did not abuse his discretion in granting the extensions of time, the Court will deny the Plaintiff's Motion for Default as to Defendants Hahn, E.M., Nystuen, and Shefferly on this ground.

**B.    The Defendants' Motions to Dismiss**

The Plaintiff alleges continued harassment and discrimination by multiple police agencies in Indiana for repeated traffic stops in violation of § 1983, the Fourth Amendment, the Fifth Amendment, and the Ninth Amendment, as well as malicious prosecution and intentional infliction of emotional distress. To state a claim under the federal notice pleading standards, a

complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc*., 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The Ninth Amendment does not protect any specific right. *See Quilici v. Vill. of Morton Grove*, 695 F.2d 261, 271 (7th Cir. 1982). "As such, a claim based solely on alleged Ninth Amendment rights must fail because there are no constitutional rights embodied in that amendment." *Jefferson v. Winnebago Cty.*, No. 94 C 50151, 1995 WL 89064, at *12 (N.D. Ill. Mar. 2, 1985) (citing *Gibson v. Matthews*, 926 F.2d 532, 537 (7th Cir. 1991)). Rather, "[t]he Ninth Amendment was added to the Bill of Rights to ensure that no fundamental right would be denied merely because it was not specifically enumerated in the Constitution." *Id.* (citing *Gibson*, 926 F.2d at 537). Therefore, to the extent the Plaintiff alleges violations of his Ninth Amendment rights, those claims must fail.

To state a claim under § 1983, the Plaintiff must allege that "the conduct complained of was committed by a person acting under color of state law and this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Townsend v. Vallas*, 256 F.3d 661, 669 (7th Cir. 2001) (internal quotations omitted). Under the Fourth Amendment, the Plaintiff must allege that he was subject to a search or seizure without probable cause. Under the Fifth Amendment, the Plaintiff must allege that he was deprived of life, liberty, or property without due process of law.

7

The Seventh Circuit has emphasized that "federal courts are rarely the appropriate forum for malicious prosecution claims." *See Ray v. City of Chi.*, 629 F.3d 660, 664 (7th Cir. 2011). This is because "individuals do not have a federal right not to be summoned into court and prosecuted without probable cause." *Id.* (internal quotations omitted). "Instead, we usually analyze these self-styled 'malicious prosecution' claims as alleging a violation of a particular constitutional right, such as the right to be free from unlawful seizures under the Fourth Amendment, or the right to a fair trial under the Due Process Clause." *Serino v. Hensley*, 735 F.3d 588, 592 (7th Cir. 2013). "To state a malicious prosecution claim under § 1983, a plaintiff must demonstrate that (1) he has satisfied the elements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty." *Welton v. Anderson*, 770 F.3d 670, 674 (7th Cir. 2014) (citing *Reed v. City of Chi.*, 77 F.3d 1049, 1051 (7th Cir. 1996)). Under Indiana law, "the elements of a malicious prosecution action are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor." *Crosson v. Berry*, 829 N.E.2d 184, 189 (Ind. Ct. App. 2005).

Indiana recognizes the tort of intentional infliction of emotional distress, but has rigorous requirements for such a claim. *See Creel v. I.C.E. & Assoc., Inc.*, 771 N.E.2d 1276, 1281–82 (Ind. Ct. App. 2002). "This tort arises when a defendant: (1) engages in 'extreme and outrageous; conduct that (2) intentionally or recklessly (3) causes (4) severe emotional distress to another." *Id.* at 1282 (citing *Bradley v. Hall*, 720 N.E.2d 747, 752 (Ind. Ct. App. 1999)). "[T]he conduct at issue must exceed all bounds usually tolerated by a decent society and cause mental distress of a very serious kind." *Id.* (citing *Ledbette v. Ross*, 725 N.E.2d 120, 124 (Ind. Ct. App. 2000)).

8

### *1.    Defendants Balasa, Hahn, and Escutia*

Defendants Balasa, Hahn, and Escutia argue that the Plaintiff has failed to state a claim against them because the Plaintiff's Complaint makes no specific allegations regarding their conduct. In his Complaint and subsequent briefing, the Plaintiff details four occasions since 2010 on which he asserts he was subjected to false arrest, harassment, and excessive force, but he does not allege that any of these Defendants were in any way involved in those incidents. The Plaintiff's subsequent filings also do not detail any incidences involving these Defendants. "[P]ersonal involvement is a prerequisite for individual liability in a § 1983 action." *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). This reason alone is sufficient to dismiss the Plaintiff's § 1983 claims against these Defendants.

The Plaintiff's Complaint makes very little mention of Defendants Balasa, Hahn, or Escutia. In the margin of his Complaint next to each of these Defendant's names, the Plaintiff references a citation number and a date and writes, "warning & searched." (Compl. 2–3.) The Plaintiff attached copies of citations that Balasa, Hahn, and Escutia issued to him for speeding. (*Id.* at 20–22.) The Plaintiff does not appear to mention any of these Defendants anywhere else in his Complaint.

The Plaintiff does not allege that Defendants Balasa, Hahn, or Escutia acted under the color of state law to deprive him of a constitutional right, privilege, or immunity. The Plaintiff does not allege that they did not have probable cause to detain him, nor even does he dispute that he was speeding on the relevant occasions. Thus, the Plaintiff has not alleged sufficient facts to plausibly suggest that any of these Defendants are liable under § 1983, violated any of the Plaintiff's constitutional rights, or intentionally inflicted emotional distress upon the Plaintiff. Moreover, the Plaintiff has not stated a claim against these Defendants as to malicious

prosecution because there was no prosecution associated with any of the warnings each Defendant issued to the Plaintiff.

The Plaintiff also seems to aver that these Defendants were engaged in a conspiracy with the remainder of the Defendants to racially profile and discriminate against him. "[T]he function of conspiracy doctrine is merely to yoke particular individuals to the specific torts charged in the complaint." *Jones v. City of Chi.*, 856 F.2d 985, 992 (7th Cir. 1988). "To be liable as a conspirator you must be a voluntary participant in a common venture, although you need not have agreed on the details of the conspiratorial scheme or even know who the other conspirators are." *Id.* Rather, "[i]t is enough if you understand the general objectives of the scheme, accept them, and agree, either explicitly or implicitly, to do your part to further them." *Id.* However, the Plaintiff does not allege any facts that would plausibly show that Defendants Balasa, Hahn, and Escutia were voluntary participants in a common venture or agreed to do their parts in order to further a conspiracy.[3]

Thus, the Court will grant Defendants Balasa, Hahn, and Escutia's Motions to Dismiss, but without prejudice.

### 2.    *Defendant E.M.*

Defendant E.M. argues that the Plaintiff has failed to state a claim against him because the Plaintiff's Complaint makes no specific allegations regarding his conduct. Indeed, the

---

[3] Moreover, the Plaintiff seems to be using the type of "scattershot strategy" that connects unrelated defendants and events disapproved of by the Seventh Circuit. *See Owens v. Evans*, 878 F.3d 559, 561 (7th Cir. 2007) (evaluating complaint containing allegations regarding events that occurred at four different prisons). "Under the circumstances of this case, where the identities of the [Defendants] are known to Plaintiff at the pleading stage, to require Plaintiff to also allege the personal involvement of each defendant makes sense and surely is within the knowledge of Plaintiff." *Harrison v. Wesford Health Sources Inc.*, No. 1:17-cv-1383, 2018 WL 659862, at *2 (C.D. Ill. Feb. 1, 2018).

Plaintiff's Complaint makes very little mention of Defendant E.M. In the margin of his Complaint next to E.M.'s name, the Plaintiff references a citation number and a date and writes, "warning & searched." (Compl. 3.) The Plaintiff attached the warning citation that E.M. issued, which notes that the Plaintiff was detained for throwing a fiery object from a moving vehicle. (Compl. Ex. 1 23.)

In his Motion for Summary Judgment, the Plaintiff further details the traffic stop by Defendant E.M. He alleges that E.M. detained him without probable cause because the Plaintiff was obeying all traffic laws at the time of the stop, and he was permitted to leave with only a warning. (Pl. Mot. 20, ECF No. 43.)  Construing the pro se Plaintiff's filing liberally, the Court finds that this is sufficient to state a claim under § 1983 for violation of the Plaintiff's Fourth Amendment rights. However, the Plaintiff has not alleged facts that plausibly suggest that E.M. violated his Fifth Amendment right to due process or engaged in conduct so outrageous as to have intentionally inflicted emotional distress upon the Plaintiff. Moreover, the Plaintiff has not stated a claim against Defendant E.M. as to malicious prosecution because there was no prosecution associated with the warning the E.M. issued to the Plaintiff. Nor has the Plaintiff alleged any facts that would plausibly show that Defendant E.M. was a voluntary participant in a common venture or agreed to do his part in order to further a conspiracy

Accordingly, the Court will grant Defendant E.M.'s Motion to Dismiss, except as to the Plaintiff's claim under § 1983 and without prejudice.

### 3. *Defendant LaMartz*

Defendant LaMartz similarly argues that the Plaintiff's Complaint lacks a sufficient basis to support the Plaintiff's allegations. In the margin of the Plaintiff's Complaint, the Plaintiff references a case number and a date and writes, "case dismissed." (Compl. 3.) The Plaintiff then

11

provides a very brief description of his interaction with LaMartz in his Statement of the Claim. (Compl. Ex. 1 4.) Specifically, the Plaintiff alleges that while he was circling a block, he was "trailed by 2 officers in a vehicle, who'd made the same 4 right turns that he'd made, profiled him, stopped and harassed, badgered him and cited him for 'making a wrong turn at intersection.'" (*Id.*) The case was later dismissed.

In his Motion for Summary Judgment, the Plaintiff further details the traffic stop by Defendant LaMartz. He alleges that LaMartz detained him for making an illegal turn but claims that, because the block he was circling was all one-way streets, he could not have made an illegal turn. As such, the Plaintiff asserts that LaMartz detained him without probable cause. The Court finds that this is sufficient to state a claim under § 1983 for violation of the Plaintiff's Fourth Amendment rights. However, the Plaintiff has not alleged facts that plausibly suggest that LaMartz violated his Fifth Amendment right to due process or engaged in conduct so outrageous as to have intentionally inflicted emotional distress upon the Plaintiff.

As for malicious prosecution, the Plaintiff's interaction with LaMartz did indeed lead to a prosecution that was terminated in the Plaintiff's favor. However, the Plaintiff has not alleged facts that plausibly show that LaMartz acted maliciously or that he did not have probable cause to detain him. Therefore, the Plaintiff cannot make out the elements of a state law claim for malicious prosecution and fails to allege the first element of a § 1983 malicious prosecution claim. Moreover, the Plaintiff does not allege any facts that would plausibly show that LaMartz was a voluntary participant in a common venture or agreed to do his part in order to further a conspiracy.

Accordingly, the Court will grant Defendant LaMartz's Motion to Dismiss, except as to the Plaintiff's claim under § 1983 for a violation of his Fourth Amendment rights, without prejudice.

### 4. *Defendant Rutledge*

As with the other Defendants in this case, the Plaintiff does not allege any facts that would plausibly show that Defendant Rutledge was a voluntary participant in a common venture or agreed to do his part in order to further a conspiracy. The Plaintiff's claim for malicious prosecution against Rutledge must also fail because the prosecution that resulted from the citation Rutledge issued did not terminate in the Plaintiff's favor. Thus, the only potential claims that the Plaintiff has against Rutledge stem directly from the cited traffic stop. As for the Plaintiff's claim for intentional infliction of emotional distress, the Plaintiff has not alleged sufficient facts to show that Rutledge intentionally or recklessly engaged in extreme or outrageous conduct that resulted in severe emotional distress or that his conduct exceeded all bounds usually tolerated by a decent society. Thus, only the Plaintiff's Fourth and Fifth Amendment claims against Rutledge remain for the Court's consideration.

Defendant Rutledge argues primarily that the Plaintiff's claims against him are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine prevents district courts from adjudicating "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Thus, to the extent that the Plaintiff seeks recovery of the fees and fines associated with the disposition of his state court trial, his claims are barred by this doctrine. As to the remainder of the Plaintiff's allegations stemming from Defendant's Rutledge's traffic stop, the Court does not find that the *Rooker-Feldman* doctrine applies in this case because the Plaintiff "does not seek to appeal the state courts' judgments, but rather attempts to ignore them and begin anew in federal court." *Gutnayer v. Cendant Corp.*, 116 F. App'x 758, 760 (7th Cir. 2004). It is the constitutionality of the traffic stop that the Plaintiff now argues, not the state

court's determination that he was guilty of speeding. *See Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017) ("But if the suit does not seek to vacate the judgment of the state court and instead seeks damages for independently unlawful conduct, it is not barred by *Rooker-Feldman*.") (citing *Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 773 (7th Cir. 2014)); *Nelson v. Murphy*, 44 F.3d 497, 503 (7th Cir. 1995) (finding the doctrine not applicable because the plaintiffs complained about the alteration of their security passes, not the state court's approval of such alteration). However, although the Court finds that the Plaintiff's claims are not barred by the *Rooker-Feldman* doctrine, the Court finds that a closely related doctrine—collateral estoppel—disposes of these claims. *See Harris v. Huston*, 553 F. App'x 630, 631 (7th Cir. 2014) (although the parties have not fully argued this issue, the Court may raise it sua sponte when the defense is "plainly apparent from the face of the complaint").

According to the Plaintiff's Complaint and Statement of the Claim, Defendant Rutledge pulled the Plaintiff over for speeding around midnight while the Plaintiff was driving a black car with chrome wheels. (Compl. Ex. 1 4.) While pulled over, the Plaintiff alleges that Rutledge told him that he had been following the Plaintiff for about a mile. (*Id.*) The Plaintiff told Rutledge that he had been scared because it was late and dark and Rutledge was following him abnormally closely. (*Id.*) Nevertheless, Rutledge issued the Plaintiff a citation. The Plaintiff appeared at a bench trial in the Wabash Superior Court to contest his citation. (*See id.* 24–31.) According to the Plaintiff, at trial, Rutledge testified that he had been traveling in the opposite direction of the Plaintiff when he noticed an all-black car speeding. (*Id.* at 4–5.) But, Rutledge had to continue driving for three quarters of a mile before he found a place to turn around and pursue the Plaintiff. (*Id.*) At trial, the Plaintiff questioned Rutledge regarding whether he noticed any other cars on the road at that time or whether there were any unusual identifying attributes of the Plaintiff's car. (*Id.* at 5.) Rutledge testified that he could not recall whether there were other cars

14

and that he had not noticed any identifying attributes about the Plaintiff's car, such as chrome wheels. (*Id.*) The Plaintiff argues that Rutledge trailed and harassed him and that Rutledge's false testimony at trial resulted in a finding of guilty, despite the state court judge's compliment regarding the quality of the Plaintiff's pro se defense. (*Id.* at 4–5.) The Plaintiff unsuccessfully appealed his conviction. (*Id.* at 5, 51.)

Because the Plaintiff's conviction was an Indiana proceeding, the Court must apply Indiana law to determine its preclusive effect. *See Mains*, 852 F.3d at 675. "Indiana courts follow federal precedents in applying [collateral estoppel]." *Id.* at 675–76 (citing *Miller Brewing Co. v. Ind. Dept. of State Revenue*, 903 N.E.2d 64, 68 (Ind. 2009)). Collateral estoppel, also known as issue preclusion, bars "subsequent re-litigation of the same fact or issue where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in the subsequent lawsuit." *Tofany v. NBS Imaging Sys., Inc.*, 616 N.E.2d 1034, 1037 (Ind. 1993). Thus, the doctrine has four elements which must be met before a litigant will be estopped from bringing his claim: (1) the issue must be the same as that involved in the prior action; (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the judgment, and (4) the party being estopped must have been fully represented in the prior action. *See Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014).

This issue in this case is whether Rutledge detained the Plaintiff without probable cause in violation of his constitutional rights. Whether Rutledge had probable cause was an issue involved in the prior state court action that was actually litigated and was essential to the judgment. The Plaintiff argued at trial that Rutledge's identification of his car was faulty because Rutledge had to travel three quarters of a mile in the opposite direction before turning around to pursue the Plaintiff and because Rutledge did not recall any unique features about the car he supposedly saw speeding, such as chrome wheels. This is an argument that Rutledge did not

have probable cause to detain the Plaintiff. The state court nevertheless entered judgment against the Plaintiff, and it was essential that the state court conclude that Rutledge had probable cause to detain the Plaintiff in order to find the Plaintiff guilty. *See Harris*, 553 F. App'x at 631 (finding plaintiff precluded from Fourth Amendment claim because finding of probable cause was essential to criminal conviction arising from a traffic stop). Despite proceeding pro se, the Plaintiff was fully represented during that proceeding and cannot use his pro se status to avoid the consequences of collateral estoppel. *See Holland v. City of Gary*, No. 2:15-CV-207, 2016 WL 1076932, at *5 (N.D. Ind. Mar. 18, 2016) (citing *DeGuelle v. Camilli*, 724 F.3d 933, 938 (7th Cir. 2013)). Similar reasoning applies to whether the Plaintiff's Fifth Amendment due process rights were violated. Therefore, the Plaintiff is precluded from bringing these claims against Defendant Rutledge.

Thus, the Court will grant Defendant Rutledge's Motion to Dismiss, but without prejudice.

5. ***Defendant Sheriff***

Although the Sheriff has not filed a motion to dismiss for failure to state a claim—and indeed has failed to file a responsive pleading at all—the Seventh Circuit permits the Court to sua sponte consider whether the Plaintiff has adequately stated a claim against the Sheriff under Rule 12(b)(6). *See, e.g.*, *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987) (noting "this circuit permits sua sponte dismissals based on Rule 12(b)(6), so long as a sufficient basis for the court's action is apparent from the plaintiff's pleading") (internal quotation omitted). However, the Seventh Circuit has noted that "sua sponte dismissals without prior notice or opportunity to be heard are 'hazardous' and that they 'may be criticized on several grounds.'" *Id.* at 1072–73

(internal citations omitted). Thus, "[a] dismissal under Rule 12(b)(6) without notice or a hearing is clearly improper." *Id.* at 1073.

The Court finds that the Plaintiff has failed to state a claim against the Sheriff for reasons similar to those supporting the Court's findings regarding the other Defendants. In the Plaintiff's Complaint, the only reference to the Sheriff is a case number and the comment "Plaintiff held 2 weeks with no court, nor bond." (Compl. 3.) There are a few documents attached to the Complaint that reference the cited case number, but they do little more than establish that a proceeding with that case number did, in fact, occur. (*See* Compl. Ex. 1 48–50, 107–08, 116–19.) The Plaintiff does not allege any facts that would plausibly show that the Sheriff was a voluntary participant in a common venture or agreed to do his part in order to further a conspiracy. The Plaintiff does not allege that the Sheriff acted under the color of state law to deprive him of a constitutional right, privilege, or immunity. Thus, the Plaintiff has not alleged sufficient facts to plausibly suggest that the Sheriff is liable under § 1983, violated any of the Plaintiff's constitutional rights, or intentionally inflicted emotional distress upon the Plaintiff.

As for the Plaintiff's claim for malicious prosecution, the Plaintiff's interaction with the Sheriff did not lead to a prosecution. The Plaintiff's prosecution was the result of a citation for speeding, not any action by the Sheriff. Moreover, the Plaintiff has not alleged facts that plausibly show that the Sheriff acted maliciously. Therefore, the Plaintiff cannot make out the elements of a state law claim for malicious prosecution and fails to allege the first element of a § 1983 malicious prosecution claim.

Accordingly, the Court finds that the Plaintiff has failed to state a claim against the Sheriff. However, because the Court has made this determination sua sponte, the Plaintiff will be given thirty (30) days from the date of this order to either file a brief arguing why his Complaint

does, in fact, state a claim against the Sheriff or to amend his Complaint in such a way as to state a claim pursuant to the Federal Rules of Civil Procedure.

**C.    The Plaintiff's Motion for Summary Judgment**

The Plaintiff also moves for summary judgment against all Defendants. His Motion is moot as to Defendants Balasa, Hahn, Escutia, and Rutledge because the Court has found that the Plaintiff has failed to state a claim against any of these Defendants. Defendants Shefferly and Nystuen joined in Defendant E.M.'s Response [ECF No. 45] to the Plaintiff's Motion, and requested more time to respond substantively and engage in discovery.

Summary judgment is proper where the evidence of record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party bears the initial burden of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-movant to "go beyond the pleadings" to cite evidence of a genuine factual dispute that precludes summary judgment. *Id.* at 324. "[A] court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). If the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in its favor on a material issue, then the Court must enter summary judgment against it. *Id.*

The Plaintiff's Motion for Summary Judgment is premised on essentially the same arguments as his Motion for Default Judgment, which the Court has denied. The Plaintiff also submits additional facts and allegations in support of his claims against the Defendants. However, under the Federal Rules:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In this case, the Plaintiff does not cite to any materials in support of his allegations, and the Court is not obligated to accept his allegations at face value. *See Wilson v. Kautex, Inc.*, No. 1:07-CV-60, 2009 WL 1657463, at *5 (N.D. Ind. June 10, 2009) (noting that "the Court cannot accept the facts as asserted by the Plaintiff in her Motion for Summary Judgment . . . because almost without exception she failed to support these asserted facts with admissible evidence in accordance with the local rules"); *see also Welch-Rubin v. Sandals Corp.*, 3:03CV481, 2004 WL 2472280, at *1 (D. Conn. Oct. 20, 2004) ("Plaintiffs are required to present admissible evidence in support of their allegations; allegations alone, without evidence to back them up, are not sufficient."). Therefore, even without the benefit of the Defendants' substantive response, the Court finds that the Plaintiff has failed to meet his burden of proof on summary judgment. *Cf. Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994) (noting that "[e]ven if the opposing party completely fails to respond to a summary judgment motion, Rule 56(e) permits judgment for the moving party only *if appropriate*—that is, if the motion demonstrates that there is no genuine issue of material fact *and* that the movant is entitled to judgment as a matter of law." (internal quotation omitted)). Therefore, the Court will deny the Plaintiff's Motion with leave to refile at an appropriate time.

## CONCLUSION

Accordingly, the Court GRANTS Defendants Balasa and Hahn's Motions to Dismiss [ECF Nos. 34, 38] and DISMISSES WITHOUT PREJUDICE all claims against Defendants Balasa and Hahn. The Court GRANTS IN PART and DENIES IN PART Defendants Escutia, LaMartz, and Rutledge's Motion to Dismiss [ECF No. 36], finding that the Plaintiff has sufficiently stated a claim for violation of his Fourth Amendment rights under § 1983 as to Defendant LaMartz, but DISMISSING the remainder of the Plaintiff's claims against these Defendants WITHOUT PREJUDICE. The Court GRANTS IN PART and DENIES IN PART Defendant E.M.'s Motion to Dismiss [ECF No. 41], finding that the Plaintiff has sufficiently stated a claim for violation of his Fourth Amendment rights under § 1983, but DISMISSING the remainder of the Plaintiff's claims against Defendant E.M. WITHOUT PREJUDICE. The Court DENIES the Plaintiff's Motion for Default and Summary Judgment [ECF No. 43] in its entirety. The Court DENIES as MOOT Defendants Escutia, LaMartz, and Rutledge's Motion for Extension of Time [ECF No. 49]. Regarding the Court's sua sponte finding that the Plaintiff has failed to state a claim against the Sheriff, the Court GRANTS the Plaintiff thirty (30) days from the date of this Order to file a brief arguing against such a finding. The Court also GRANTS the Plaintiff thirty (30) days from the date of this Order to file an Amended Complaint. The Plaintiff is also granted leave to refile his Motion for Summary Judgment at an appropriate time.

SO ORDERED on March 28, 2018.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT