UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CARL LEE LEDFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-CV-363-HAB |
| | ) | |
| SHANE LAMARTZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| CARL LEE LEDFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-CV-365-HAB |
| | ) | |
| ROGELIO ESCUTIA, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Defendants in this joined matter have filed a motion in limine seeking to bar Plaintiff from introducing ten different categories of evidence at the trial in this matter. The evidentiary requests are largely standard (if undersupported), but Plaintiff has objected to most. The overriding theme of Plaintiff's response is that he should be free to present his case as he sees fit, free from the shackles of the rules and procedures that govern this Court. As set forth below, Plaintiff's vision of a federal trial is not reality.

The Federal Rules of Evidence do not explicitly authorize in limine rulings. However, the District Court has inherent authority to manage the course of trials. Fed. R. Evid. 103(c); *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). District courts have broad discretion in ruling on motions in limine. *Jenkins v. Chrysler Motors Corp*., 316 F.3d 663, 664 (7th Cir. 2002). However,

evidence should be excluded only when inadmissible on all possible grounds. *Hawthorne Partners v. AT & T Techs., Inc*., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). As a result, in some instances courts should defer rulings until trial, particularly where context would be helpful in determining matters such as relevancy, foundation, and potential prejudice. *See id*. A pre-trial ruling denying a motion in limine does not automatically mean that all evidence contested in the motion will be admitted at trial. *Id*. at 1041. And while a pre-trial ruling granting a motion in limine does bar the introduction of certain evidence, trial judges remain free to alter previously issued in limine rulings, within the bounds of sound judicial discretion. *Luce*, 469 U.S. at 41–42.

**A.      Unrelated Complaints, Discipline, or Lawsuits Against Defendants**

Defendants first express their "concern" that Plaintiff will attempt to introduce "evidence of alleged bad acts or discipline of Defendants or other state employees," arguing that such evidence "would be offered to show that Defendants or other state employees were or are persons of poor character and have a propensity for official misconduct or are not worthy of belief." (ECF No. 163 at 1–2). Problematically, Defendants do not identify what, if any, such evidence exists. Compounding the problem, Plaintiff does not identify what, if any, such evidence he intends to introduce.

While Defendants limit their evidentiary discussion to Rules 404(b) and 609, there are other bases on which so-called "bad acts" evidence could be admissible. Such evidence could be admissible as evidence of habit or routine under Rule 406, or under Rule 404(b) to show *modus operandi*. *See Mowrey v. City of Fort Wayne*, 2013 WL 6512664, at *8 (N.D. Ind. Dec. 12, 2013). Plaintiff asserts, without explanation, that he would introduce the evidence to "show the resulting damages of the illegal actions of the Defendants." (ECF No. 165 at 15). The long and the short of

it is that there are possible grounds where the evidence Defendants seek to exclude could be admissible.

While it is likely that the "bad acts" evidence is inadmissible, the Court cannot make that determination based on the paltry record Defendants have submitted. As such, limine request number one cannot be granted at this time. However, should Plaintiff seek to introduce such evidence at trial, Plaintiff must notify the Court and counsel for Defendants outside the presence of the jury and with enough advance notice to permit analysis within the applicable Seventh Circuit law. This will allow the Court to make an informed determination after analyzing discrete pieces of evidence in the greater context of the trial.

**B.      Previously Dismissed Claims**

Defendants second and third limine requests ask this Court to exclude evidence of claims that have been previously dismissed, including but not limited to his conspiracy claims. (ECF No. 163 at 2). Defendants note, correctly, that this Court has already dismissed several claims and defendants before trial. (*See*, *e.g.*, ECF No. 97).

Plaintiff acknowledges that many of his claims have been dismissed but argues that he "still holds his rights to appeal those decisions." (ECF No. 165 at 14). Plaintiff is correct, but his point is irrelevant. "Rulings on interlocutory orders are encompassed within a subsequent final judgment and may be reviewed as part of that judgment." *Sere v. Bd. of Trs. Of Univ. of Ill.*, 852 F.2d 285, 288 (7th Cir. 1988). Therefore, Plaintiff need not introduce evidence on dismissed claims in order to preserve his appellate issues. Plaintiff's issues are preserved to the extent he preserved them in the summary judgment proceedings, regardless of the evidence introduced at trial.

More fundamentally, allowing the introduction of evidence relating to dismissed claims would needlessly burden the trial proceedings with delays and inefficiency because of the necessity

of "mini trials" on each dismissed claim. *See*, *e.g.*, *Targonski v. City of Oak Ridge*, 921 F. Supp. 2d 820, 827 (E.D. Tenn. 2013)(granting motion in limine with respect to claims dismissed on summary judgment); *Littleton v. Pilot Trans. Ctr.*, 2006 WL 751285, at *2 (E.D. Ark. March 22, 2006) (granting motion in limine to exclude evidence on dismissed claims because "to permit evidence of [the dismissed claims] to be used [] would result in a mini-trial on what is now a collateral matter and it appears that such evidence would consume as much time or more than the evidence to be presented on the only remaining and narrow claim"). The filings in this case portend a trial that will be difficult enough to manage without the addition of claims that have already been resolved. Accordingly, limine requests numbers two and three will be granted.

**C.     Settlement Negotiations**

Defendants are correct that evidence of settlement negotiations are inadmissible at trial and, to his credit, Plaintiff states that he does not intend to introduce any such evidence. As such, limine request number four will be granted.

**D.     Indemnification**

Defendants next ask this Court to exclude evidence and argument "indicating that Defendants may be indemnified [by the State of Indiana] against any judgment in this action." (ECF No. 163 at 4). Defendants rely on Federal Rule of Evidence 411, which bars evidence of liability insurance "to prove whether the person acted negligently or otherwise wrongfully," arguing that "[a]ny indemnification available to a Defendant is in the nature of liability insurance." (*Id.*).

The Court does not agree that reference to the state's statutory indemnification duties is barred by Rule 411. Whatever similarities statutory indemnification and private liability insurance may share, they are not identical, and there is no reference to statutory indemnification in the Rule.

For this reason, most district court opinions in this circuit have concluded that Rule 411 does not directly apply to bar evidence of statutory indemnification. *See*, *e.g.*, *Dyson v. Szarzynski*, 2017 WL 7205591, at *7 (N.D. Ill. Dec. 18, 2014) ("Rule 411 does not expressly prohibit the admission of indemnification evidence"); *Townsend v. Benya*, 287 F. Supp. 2d 868, 874 (N.D. Ill. 2003) ("Rule 411 does not explicitly bar references to indemnification of Defendants"); *Walker v. Saenz*, 1992 WL 317188, at *3 (N.D. Ill. Oct. 27, 1992) ("this court recognizes that Rule 411 does not protect defendants from the introduction of such evidence").

However, even if evidence of indemnification is not barred by Rule 411, it can nonetheless be excluded under Rule 403's balancing test. *Townsend*, 287 F. Supp. 2d at 874. Responding to Defendant's indemnification argument, Plaintiff states that "the Jury [sic] should be allowed to know whose registers and accounts they are able to freeze, and empty on the hour of that decision, to ensure payment to Plaintiff." (ECF No. 165 at 16). Raising the issue of indemnification for this purpose, to inform the jury that there is a "deep pocket" to satisfy a judgment, has no bearing on Defendants' liability. Instead, it would serve only to encourage the jury to base its verdict on improper grounds; i.e., the ability of Defendants to pay. *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 2003 WL 2005233, at *2 (N.D. Ill. April 30, 2003). The Court finds evidence of the state's statutory indemnification duties to be inadmissible under Rule 403, and limine request number five is granted.

**E.     Reference to Defendants' Counsel**

As a corollary to the previous request, Defendants also seek to exclude any reference to their attorneys as "State lawyers," "the State," or "Deputy Attorneys General." They argue that such references would have the same improper purpose as reference to indemnification. The Court

5

recognizes that other courts have agreed with Defendants' argument, but nonetheless cannot agree in this case.

First and foremost, the Court notes the incongruity between Defendants' current argument and the conduct of their counsel throughout this case. In *every* filing made by Defendant in this case, counsel has identified themselves as "Deputy Attorney General." (*See*, *e.g.*, ECF No. 167 at 4). This type of identification is unnecessary; private counsel do not refer to themselves as "partner" in their filing signature blocks. The only conceivable purpose for this identifier is to lend the prestige of the office to the filings. If Defendants have attempted to benefit from being represented by the Indiana Attorney General throughout the case, the Court finds it difficult to conclude that they cannot be accurately identified as Deputy Attorneys General at trial.

The Court also finds it unlikely that the average juror would draw any inference of indemnity from the fact that a state police officer is being represented by the Attorney General. From a legal standpoint, the Attorney General's duty of representation is wholly separate from the duty of indemnity. *Cf.* Ind. Code § 4-6-2-1.5; § 34-13-4-1. Thus, the inference Defendants fear would not necessarily flow for even those aware of the applicable statutory provisions. But more to the point, the Court cannot envision a juror that would be affected by identifying Defendants' counsel. Any juror that would draw the inference of indemnity would likely do so from the fact that Defendants are state police officers; the appearance of the Attorney General's office would not surprise them. Most jurors would likely not register the reference at all. In the absence of some evidence of prejudice, the Court will not presume it.

With Plaintiff barred from referencing the state's indemnification duty, the Court sees no prejudice from Defendants' counsel being identified in the same way they reference themselves. Thus, Plaintiff will be able to refer to Defendants' counsel as "Deputy Attorneys General."

6

However, any reference to counsel as "the State" or "State lawyers" will not be permitted since counsel has never referred to themselves in this way and it would incorrectly identify them in this case.

**F.      Unrelated Police Incidents**

Defendants next seek to exclude any reference to unrelated incidents of police misconduct, arguing that such evidence will "inflame the jury against law enforcement in general and against Defendants in particular." (ECF No. 163 at 6). The Court agrees. Evidence of, or reference to, highly publicized events of police misconduct "is marginally probative at best, and it is highly inflammatory and prejudicial." *Saunders v. City of Chi.*, 320 F. Supp. 2d 735, 740 (N.D. Ill. 2004). Those incidents have nothing to do with Plaintiff's allegations, so they serve no purpose in the trial of Plaintiff's claims.

Plaintiff argues that he should be allowed to present the jury with evidence of acceptable and unacceptable police conduct, indicating that he intends to do so via internet videos. (ECF No. 165 at 17). The type of evidence that plaintiff describes might be admissible, but the way he intends to introduce it is not. The use of expert witnesses to opine on police practices is commonplace in lawsuits of this kind. *See*, *e.g.*, *Andersen v. City of Chi.*, 2020 WL 1866120, at *2 (N.D. Ill. April 14, 2020). Plaintiff could, then, have retained an expert qualified to opine on the practices used by the Defendants.

What Plaintiff cannot do is pick and choose internet videos which, in his opinion, demonstrate proper and improper police tactics. Plaintiff has not been qualified as an expert in police tactics. He has no ability to provide the jury with admissible opinions on the propriety of police conduct. That is true regardless of whether Plaintiff intends to offer testimonial opinions or personally curated video evidence.

7

The legality of Defendants' conduct will be judged by incidents giving rise to Plaintiff's complaint. It will not be judged by the conduct of officers in Ferguson, New York City, Los Angeles, or any other infamous instances of police misconduct. As such, limine request number seven is granted.

**G.    "Golden Rule" Argument**

Defendants next seek to bar Plaintiff from presenting any "golden rule" arguments. "A 'Golden Rule' appeal in which the jury is asked to put itself in the plaintiff's position 'is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.'" *Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982) (quoting *Ivy v. Sec. Barge Lines, Inc.*, 585 F.2d 732, 741 (5th Cir. 1978)). Limine request number eight is granted.

**H.    Defendants' Failure to Call Witnesses**

Defendants further ask this Court to prevent Plaintiff from "conveying to the jury that Defendants are hiding evidence by choosing not to call a particular witness or present certain evidence." (ECF No. 163 at 7). While Plaintiff does not directly address this part of Defendants' motion, the Court finds that this limine request is contrary to law.

Under Seventh Circuit precedent, a plaintiff can argue a defendant's failure to call witnesses under certain circumstances. "Before a party can argue to the trier of fact that an adverse inference should be drawn from another party's failure to call a witness, the complaining party must establish that the missing witness was peculiarly in the power of the other party to produce. This can be shown in two ways: (1) that the witness is physically available only to the opponent; or (2) that the witness has a relationship with the opposing party that practically renders his testimony unavailable to the moving party." *Oxnam v. WLS-TV*, 12 F.3d 652, 661 (7th Cir. 1993).

8

Since the Court cannot evaluate what, if any, argument Plaintiff may offer along these lines, and further lacks the context that the trial will provide, limine request number nine is denied.

**G.      Unqualified Experts**

Finally, Defendant asks the Court to "limit expert testimony to those that are qualified to render expert testimony on certain subjects." (ECF No. 163 at 8). Defendants do not identify any expert that they seek to exclude, however. Defendants should rest assured knowing that all parties will be held to the rules of evidence and procedure that govern federal trials, including rules relating to expert witnesses. Issues relating to the qualification of experts will be handled on a witness-by-witness basis. As such, limine request number ten is denied.

**H.      Conclusion**

For the reasons set forth above, Defendants' Motion in Limine numbers two, three, four, five, seven, and eight are GRANTED. Motion in Limine numbers one, nine, and ten are DENIED. Motion in Limine number six is GRANTED IN PART and DENIED IN PART as set forth above.

SO ORDERED on May 21, 2020.

 s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT